UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIEL O'BRIEN, | Case No. 2:20-CV-1901 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, et al., | |
| Defendant(s). | |

Presently before the court are Progressive Direct Insurance Company ("Progressive") and claims adjuster Michael Godinho's (collectively "defendants") motions to dismiss the original complaint. (ECF Nos. 2, 3).

Also before the court is plaintiff Daniel O'Brien's motion to remand. (ECF No. 16). Defendants responded in opposition. (ECF No. 18).

Also before the court are defendants' motions to dismiss the amended complaint. (ECF Nos. 30, 31). O'Brien responded in opposition (ECF No. 32) to which defendants replied (ECF No. 33).

**I. BACKGROUND**

This is a case about an insurer allegedly mishandling an uninsured/underinsured ("UIM") claim. Daniel O'Brien was waiting to make a right turn onto Las Vegas Blvd. off Cactus Blvd. when a non-party driver rear-ended his car. (Am. Compl., ECF No. 29 ¶¶ 10–11). The non-party driver's auto insurer eventually tendered the full $30,000 per person and $60,000 per incident policy limits. (*Id.* ¶¶ 12, 19).

O'Brien had a Progressive auto insurance policy with $500,000 per person and $500,000 per incident uninsured/underinsured coverage and an additional $10,000 in medical payments coverage. (*Id.* ¶ 12). O'Brien formally made a demand to Progressive for the UIM policy limits on August 17, 2018. (*Id.* ¶ 23). As of that date, he had incurred $119,691.12 in past medical expenses and still required ongoing medical treatment. (*Id.*). His treating physicians stated he would require $1,399,008 in future medical treatment. (*Id.*). These figures were supported by medical records and a future medical letter. (*Id.*).

About a month later, Progressive claims adjuster Michael Godinho responded to O'Brien's UIM demand with an offer of $3,146. (*Id.* ¶ 25). This offer considered only $29,551 in medical treatment up to April 2017 and $10,000 in general damages, offset by the $30,000 in proceeds from the non-party driver's policy and the already paid out $10,000 in medical payments coverage. (*Id.*). Godinho said he would need prior medical records and an independent medical examination ("IME") to consider any treatment after April 2017, completely ignoring the medical records O'Brien provided to a different adjuster in late 2017. (*Id.* ¶ 26). Progressive never requested a statement or examination under oath to evaluate O'Brien's UIM claim. (*Id.* ¶ 27).

In October 2018, O'Brien emailed Godinho the medical records he requested and Progressive then requested that he undergo an IME. (*Id.* ¶ 30). Progressive made no further attempts to arrange an IME. (*Id.* ¶ 31). O'Brien's claim was then transferred to Progressive's retained counsel for further investigation. (*Id.*). During this time, Progressive requested only updated medical authorizations. (*Id.*). O'Brien eventually underwent an IME with Dr. David Oliveri on February 25, 2020. Dr. Oliveri's report stated that he had not received any prior medical records—even though O'Brien sent them to Progressive twice—and reiterated the $3,146 offer.

On August 20, 2020, O'Brien sent Progressive a supplement policy limit demand with a deadline of September 20. (*Id.* ¶ 38). The demand was supported by up-to-date medical records detailing $227,458.92 in past medical expenses and a life care plan with future

medical treatment costs of $1,399,008. (*Id.*). Progressive never responded to the supplemental demand. (*Id.* ¶ 40).

O'Brien brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violations of Nevada's Unfair Claims Practices Act, and unjust enrichment. (*Id.* ¶¶ 55–90). He now moves to remand this case, arguing that the court lacks diversity jurisdiction because there is not complete diversity. Both he and Godinho are Nevada citizens. (ECF No. 16). Defendants oppose remand by arguing that Godinho is fraudulently joined. (ECF No. 18). Defendants also move to dismiss Godinho from this case and to dismiss O'Brien's unjust enrichment claim against Progressive, arguing that an express written contract governs the parties' relationship. (ECF Nos. 30, 31).

## II. LEGAL STANDARD

### A. Motion to Remand

A defendant can remove any civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Yet federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

### B. Motion to Dismiss

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more

- 3 -

| | |
|---|---|
| 1 | than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." |
| 2 | *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a complaint |
| 3 | must have *plausible* factual allegations that cover "all the material elements necessary to |
| 4 | sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, |
| 5 | 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp.* |
| 6 | *Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). |
| 7 | The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's |
| 8 | legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all |
| 9 | well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. |
| 10 | *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* |
| 11 | Second, the court must consider whether the well-pleaded factual allegations state a plausible |
| 12 | claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a |
| 13 | reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. |
| 14 | When the allegations have not crossed the line from conceivable to plausible, the complaint |
| 15 | must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 |
| 16 | (9th Cir. 2011). |
| 17 | If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend |
| 18 | unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, |
| 19 | 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to |
| 20 | amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on |
| 21 | the part of the movant, repeated failure to cure deficiencies by amendments . . . undue |
| 22 | prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 |
| 23 | U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend |
| 24 | the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) |
| 25 | (internal quotation marks omitted). |
| 26 | . . . |
| 27 | . . . |
| 28 | . . . |

**James C. Mahan**
**U.S. District Judge**

## III. DISCUSSION

### A. O'Brien's Motion to Remand

O'Briens's motion to remand turns on whether he fraudulently joined Progressive claims adjuster Michael Godinho. If Godinho is not fraudulently joined, this case must be remanded for lack of diversity jurisdiction as O'Brien and Godinho are Nevada citizens.

The court ignores fraudulently joined defendants when determining whether there is complete diversity. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). There need only be a *possibility* that a Nevada state court could find that the complaint states a claim against the allegedly sham defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

Nevada is a notice pleading jurisdiction that liberally construes pleadings. *Hay v. Hay*, 678 P.2d 672, 674 (Nev. 1984). There is a presumption against fraudulent joinder, *Hunter*, 582 F.3d at 1042, and it must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In assessing fraudulent joinder, "the court need not look extensively at the merits of the claims." *Milligan v. Wal-Mart Stores, Inc.*, No. 2:14-cv-1739 JCM-CWH, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014).

O'Brien argues that Godinho's handling of his UIM claim was "grossly negligent and/or a reckless disregard" for his rights. (ECF No. 16 at 5). He continually disregarded O'Brien's "well-documented past and future medical damages, to a shocking degree" and thus incurred personal liability. (*Id.* at 6). Nonetheless, O'Brien does not actually allege a negligence claim against Godinho. (*See* ECF No. 29). He alleges breach of contract, breach of the implied covenant—which presupposes a contractual relationship—and violations of Nevada's Unfair Claims Practices Act. (*Id.*). O'Brien does not allege he is in contractual

privity with Godinho or some other contractual-type theory to hold Godinho personally liable.[1] And Nevada's Unfair Claims Practices Act provides a private right of action for insureds against insurers only. Nev. Rev. Stat. § 686A.310(2); *see also Hart v. Prudential Prop. & Cas. Ins. Co.,* 848 F. Supp. 900, 903 (D. Nev. 1994).

Nonetheless, the court would not permit a negligence claim against Godinho to proceed. In *Silon*, Judge Jones had to determine whether a claims adjuster could be held personally liable for negligence. *Silon v. Am. Home Assur. Co.*, No. 2:08-cv-1798-RCJ-LRL, 2009 WL 1090700, at *2 (D. Nev. Apr. 21, 2009). He elected to follow the majority rule that claims adjusters "do not owe a general duty of care to the insured, and therefore cannot be held liable to the insured for negligence as a matter of law." *Id.* That was because Nevada had not addressed the issue, and California, a jurisdiction which the Nevada Supreme Court looks to for guidance, also follows the majority rule. *Id.* In fact, it is well-settled under California law that "[a]n agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency." *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000).

This court will also follow the majority rule that claims adjusters cannot be personally liable for negligence while acting within the scope of their employment. *Accord Brown v. State Farm Fire & Cas. Co.*, No. 2:10-cv-01843-KJD, 2011 WL 2295162, at *4 (D. Nev. June 8, 2011). O'Brien's citation to the nonbinding Mississippi case *Gallagher* to persuade the court otherwise is unavailing because, unlike here, the allegedly negligent adjuster was a third-party administrator. (ECF No. 32 at 7 (citing *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 785 (Miss. 2004))). O'Brien alleges that Godinho was a Progressive employee acting within the scope of his employment at all times. (ECF No. 29 ¶¶ 9, 22).

---

[1] There is a "well-established exception" to the general rule that "no one is liable upon a contract except those who are parties to it." *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 959 (Nev. 1998) (quotation omitted). "[W]here a claims administrator is engaged in a joint venture with an insurer, the administrator may be held liable for its bad faith in handling the insured's claim, even though the organization is not technically a party to the insurance policy. *Id.* (quotation omitted).

In short, there is no possibility that O'Brien can state a claim against Godinho. They are not in contractual privity and, under the majority rule, claims adjusters cannot be personally liable for negligence in the scope of their employment. For this reason, Godinho is fraudulently joined and the court disregards him in determining whether it has diversity jurisdiction. O'Brien's motion to remand for lack of complete diversity is DENIED.

### B. Defendants' First Motions to Dismiss

After defendants each moved to dismiss, the parties stipulated to allow O'Brien to file an amended complaint. (ECF No. 28). An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). An amended complaint will also ordinarily moot a pending motion to dismiss. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Thus, defendants' motions to dismiss the original complaint (ECF Nos. 2, 3) are DENIED as moot. The court will now address defendants' motions to dismiss O'Brien's amended complaint. (ECF No. 33 at 2 ("What is unclear, is why Plaintiff filed a First Amended Complaint that contains the identical claims to his original Complaint." (internal citation omitted))).

### C. Defendants' Second Motions to Dismiss

Because there is no possibility that O'Brien can state a claim against Godinho, Godinho's motion to be dismissed from this case (ECF No. 30) is GRANTED. O'Brien's request for leave to amend (ECF No. 32 at 8–9) is DENIED because amendment would be futile. He cannot state a claim against Godinho as a matter of law; no new factual allegations can change that.

Progressive's motion to dismiss O'Brien's unjust enrichment claim (ECF No. 31) with prejudice is also GRANTED. O'Brien does not oppose dismissal of the claim and for good reason. (ECF No. 32 at 8). "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). It is undisputed here that a written insurance

contract was in effect at the time of O'Brien's accident. (ECF No. 31 at 9; ECF No. 29 ¶ 58).

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' first motions to dismiss (ECF Nos. 2, 3) be, and the same hereby are, DENIED as moot.

IT IS FURTHER ORDERED that O'Brien's motion to remand (ECF No. 16) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' second motions to dismiss (ECF Nos. 30, 31) be, and the same hereby are, GRANTED. Defendant Michael Godinho is DISMISSED from this case. O'Brien's unjust enrichment claim is DISMISSED with prejudice.

DATED June 4, 2021.

_____
UNITED STATES DISTRICT JUDGE